***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission affirms with minor modifications, the Decision and Order of the Special Deputy Commissioner.
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On January 21, 2010, Plaintiff initiated this civil action by filing his tort claim affidavit with the North Carolina Industrial Commission.
2. Plaintiff's affidavit alleges that on or about April of 2006, employees or agents of the North Carolina Department of Correction (hereinafter "NCDOC") committed acts of medical negligence in providing medical treatment to Plaintiff, specifically alleging that a doctor *Page 2 
employed with NCDOC incorrrectly changed Plaintiff's medication and thereby caused injury to Plaintiff.
3. On Febraury 10, 2010, Defendant filed a Motion to Dismiss and Motion for Stay of Discovery.
4. Defendant moved to dismiss the action on the grounds that Plaintiff failed to assert that the medical care has been reviewed by an individual reasonably expected to qualify as an expert witness as required by Rule 9(j) of the North Carolina Rules of Civil Procedure.
5. Pursuant to Defendant's Motion to Dismiss, the above captioned tort claim was set for a pretrial videoconference hearing on Wednesday, June 2, 2010.
6. On June 25, 2010, the Special Deputy Commissioner filed an Interlocutory Order allowing Plaintiff One Hundred Twenty (120) days to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. The Interlocutory Order further stated that "[i]n the event that Plaintiff fails to timely satisfy the requirements of this Order, his tort claim will be subject to dismissal with prejudice" and further stated the following:
 In the event that Plaintiff fails to timely satisfy the requirements of this Order, the above captioned tort claim SHALL be subject to dismissal with prejudice and such dismissal may occur upon a sua sponte review by the undersigned or a Deputy Commissioner with the North Carolina Industrial Commission.
7. Plaintiff failed to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure as set forth in the June 25, 2010 Interlocutory Order.
8. On September 8, 2010, Plaintiff filed a Motion for Leave to File an Amended Complaint in response to the June 25, 2010 Interlocutory Order. The Special Deputy Commissioner deemed Plaintiff's Motion for Leave to File an Amended Complaint to be a Motion to Reconsider. Plaintiff's response stated the following: *Page 3 
 (a) In Plaintiff's malpractice tort claim, the Plaintiff contends that the health care provider Michael Sims and Dr. Kiaser failed to act with the same skill, care, and level of knowledge that a reasonable health care provider would display in a similar situation. Determining how the reasonable health care professional would act in a given situation is to refer to the hospital's policy and procedure manual and in several other ways.
 (b) No health care provider is to overrule another health care provider's prescription for medication for a specific illness diagnosis without first conferring with the original doctor of the diagnosis and medication prescription. This conduct is governed and dictated by the medical facility policies and procedures manuals and common knowledge of the deputy commissioner and jurors.
9. On October 22, 2010, the Special Deputy Commissioner found that there was no justification to alter or amend the June 25, 2010 Interlocutory Order and that the June 25, 2010 Interlocutory Order shall remain in full force and effect.
10. On November 2, 2010, Plaintiff filed a First Motion to Reconsider Order or in the Alternative, Motion for Leave to Take an Interlocutory Appeal in Forma Pauperis. Plaintiff's response stated that "Deputy Commissioner Abigail M. Hammond has misidentified the applicable meaning of the common-law doctrine of "res ipsa loquitur."
11. On December 16, 2010, the Special Deputy Commissioner ruled that Plaintiff had shown no justification to alter or amend the June 25, 2010 Interlocutory Order and that the June 25, 2010 Interlocutory Order shall remain in full force and effect.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW *Page 4 
1. N.C. Gen. Stat. § 143-291(a) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Rule T205 of the North Carolina Tort Claims Rules states that "the Industrial Commission may act upon a Motion at any time, despite the absence of notice to all parties, and without awaiting a response."
4. Rule 9(j) of the North Carolina Rules of Civil Procedure states the following:
 Any complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12 shall be dismissed unless:
 a) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 b) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 c) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
N.C. Gen. Stat. § 1A-1, Rule 9(j) (2010). *Page 5 
5. Rule 9(j) of the North Carolina Rules of Civil Procedure further states that a judge may:
 allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension.
N.C. Gen. Stat. § 1A-1, Rule 9(j) (2010).
6. The Tort Claims Act affidavit for the above captioned matter does not assert that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness. Furthermore, Plaintiff also failed to comply with Rule 9(j) within the additional period of One Hundred Twenty (120) days allowed by the Special Deputy Commissioner.
7. Plaintiff has not provided an affidavit in compliance with Rule 9(j) of the North Carolina Rules of Civil Procedure within the time period permitted by the June 25, 2010 Interlocutory Order. Furthermore, no exception to Rule 9(j) of the North Carolina Rules of Civil Procedure is applicable to the above captioned tort matter. As such, Plaintiff is not entitled to recovery under the Tort Claims Act, and the above captioned tort matter is subject to dismissal with prejudice.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendant's Motion to Dismiss is hereby GRANTED. Plaintiff's above captioned civil action is hereby DISMISSED WITH PREJUDICE. *Page 6 
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the ___ day of September 2011.
 S/__________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/__________ TAMMY R. NANCE COMMISSIONER
 S/__________ LINDA CHEATHAM COMMISSIONER *Page 1